PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALI MOSHIR, | ) | |
| | ) | CASE NO. 4:17CV1460 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| UNITED STATES POSTAL SERVICE, *et al.*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

This case has been transferred from the United States District Court for the Western

District of New York. *See* Decision and Order (ECF No. 4). *Pro se* Plaintiff Ali Moshir, an

inmate at the Northeast Ohio Correctional Center ("NEOCC") at the time he filed this *in forma*

*pauperis* civil rights action against Defendants United States Postal Service, the United States

Government, NEOCC, NEOCC Mail Clerk Madam Slattery, Corrections Corporation of

America ("CCA")/Core Civic, and the United States Marshal Service, alleges in his Complaint

(ECF No. 1) that a certified mail letter he placed in the NEOCC mail was not delivered. Plaintiff

seeks five hundred million dollars in damages. *Id.*

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* if the

prisoner, on three or more prior occasions while incarcerated, brought a civil action that was

dismissed on the grounds that it was frivolous, malicious, or failed to state a claim on which

(4:17CV1460)

relief could be granted, absent allegations suggesting that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. Aug. 20, 2008). Past allegations of danger, as well as allegations "that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. May 15, 2012).

Plaintiff has on at least three prior occasions filed a civil action in federal court that was summarily dismissed for failure to state a claim.[1] Furthermore, the instant action does not contain allegations suggesting he is in imminent danger of serious physical injury due to Defendants' alleged failure in not delivering his certified mail letter. ECF No. 1 at PageID#: 5. Therefore, Plaintiff may not proceed *in forma pauperis* in this case.

Accordingly, Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is denied, and this action is dismissed without prejudice. If Plaintiff wishes to proceed with this action, he must, within thirty (30) days from the date of this Order, pay the entire filing fee of $400.00. No other documents will be accepted for filing unless Plaintiff pays the filing fee in full. If Plaintiff does not pay the full filing fee within thirty (30) days, this case will be dismissed with prejudice.

---

[1] *See Moshir v. NEOCC, et al.*, Case No. 4:17CV1106 (N.D. Ohio Aug. 31. 2017) (Pearson, J.); *Moshir v. Valentine*, Case No. 4:17CV1459 (N.D. Ohio Aug. 31, 2017) (Pearson, J.); *Moshir v. NEOCC, et al.*, Case No. 4:17CV1480 (N.D. Ohio Oct. 13, 2017) (Pearson, J.).

(4:17CV1460)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


 November 28, 2017     
Date

   /s/ Benita Y. Pearson     
Benita Y. Pearson
United States District Judge